IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HERMELINDA MEDELES MUNOZ<br>   Plaintiff<br><br>vs.<br><br>TACO CABANA, INC.<br>   Defendant | § § § § § § § § § Case No 4:24-CV-03938 |

## MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT
## PURSUANT TO RULE 12(b)(6)

COMES NOW Defendant Taco Cabana, Inc. ("Defendant"), by and through its attorneys, and files its Motion to Dismiss Plaintiff's Original Petition originally filed in state court pursuant to FED. R. CIV. P. 12(b)(1) & (6), in lieu of an Answer. In support of its motion, Defendant would respectfully show this Court the following:

### I. INTRODUCTION

1. Hermelinda Medeles Munoz ("Plaintiff") filed suit in the state court case on May 13, 2024, in an action styled *Hermelinda Medeles Munoz v. Taco Cabana, Inc.;* Cause No. DC 2024-30417, in the 189th Judicial District Court of Harris County, Texas (the "state court case"). Plaintiff filed her First Amended Original Petition alleging a cause of action pursuant to the Family and Medical Leave Act (FMLA) claiming breach of contract and retaliation on the basis of Plaintiff taking FMLA leave. Defendant filed its Notice of Removal timely on October 14, 2024.

2. Defendant files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim is not properly pleaded unless it sets forth, on its face and in the factual allegations contained therein, a plausible, not merely possible, entitlement to relief. In this case, Plaintiff's bald assertions and conclusory statements in her Original Petition do not meet the pleading standards set forth by the Supreme Court of the *United States in Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff summarily concludes that her threadbare recitation of legal conclusions is adequate to hold Defendant Taco Cabana liable as her employer under the FMLA.

3. Despite the well-established rules, Plaintiff's First Amended Original Petition contains no specific facts upon which one could possibly conclude that Taco Cabana is a person engaged in commerce (or in an industry or activity affecting commerce), let alone one who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Additionally, she has failed to plead facts upon which one could conclude that she was entitled to FMLA leave. Absent these elements, no one is subject to the Family and Medical Leave Act's regulation. Plaintiff's FMLA claim should be dismissed because she has failed to sufficiently allege that Taco Cabana is an "employer" as defined by the statue. For an additional reason, Plaintiff's FMLA claim should be dismissed because she has failed to sufficiently allege that she was entitled to FMLA leave.

## II. MOTION TO DISMISS - 12(B)(6)

**A. Rule 12(b)(6) legal standards.**

4. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez,* 773 F.3d 704, 707 (5th Cir. 2014). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc*., 833 F.3d 512, 520 (5th Cir. 2016). Plaintiff must "nudge [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Id*. at 555. A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

6. While the Court is required to accept allegations as true in the context of a motion to dismiss, this principle does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice... [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions must be supported by factual allegations. *Id*. The Court should not strain to find inferences favorable to the plaintiff. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

7. Only where a plaintiff provides well-pleaded factual allegations may a court assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 648-79. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim, and the complaint should be dismissed. *Id*. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

B. **Plaintiff Fails to State a Claim Under the FMLA Because Plaintiff's Petition Fails to Plead that Defendant is an Employer as Defined by the Statute and that she is an Eligible Employee.**

Plaintiff's Original Petition alleges a violation of 29 U.S.C. § 2615(a)(2). That statute makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for

opposing any practice made unlawful by this subchapter." *Id*. (emphasis added). Congress defined the term "employer" in 29 U.S.C. § 2611(4). The statute requires not just a minimum number of employees, but also that the alleged employer be engaged in commerce or an industry or activity affecting commerce. In order for there even to be an FMLA claim here, Plaintiff must have alleged some plausible, non-boilerplate facts regarding Taco Cabana's connection to commerce, and also that it meets the carefully chosen threshold number of employees.

As to engaging in commerce, Plaintiff's Petition fails to plead any facts regarding commerce. This is facially inadequate under *Iqbal* and *Twombly*, a conclusion that has been reached by numerous courts addressing the essentially identical commerce requirement under the FLSA. *Payne v. Universal Recovery, Inc.*, 2011 WL 7415414, *5 (N.D. Tex., Dec. 7, 2011) ("Plaintiff makes only conclusory allegations that at all times pertinent to his complaint, Universal 'was an enterprise engaged in interstate commerce,' and that 'Defendants regularly owned and operated business engaged in commerce or in the production of goods for commerce' … In the absence of any facts to support these conclusory allegations, Plaintiff has failed to sufficiently plead enterprise coverage [and his] FLSA claims under sections 6 and 7 are subject to dismissal under Rule 12(b)(6)."); *Foreman v. Foodtronix, LLC*, 2014 WL 2039055, *2 (N.D. Tex. May 16, 2014); *Shorts v. Primeco Auto Towing, L.L.C.*, 2014 WL 3670004, *3 (S.D. Tex. July 22, 2014) (Miller, J.) ("[P]laintiffs do not include supplemental facts to bolster the conclusion that their employers were an enterprise engaged in commerce or the production of goods for commerce under the FLSA. Plaintiffs' allegations of enterprise coverage are conclusory statements, and they do not supplement facts that would nudge that claim across 'the line from conceivable to plausible.' Therefore, plaintiffs have also failed to adequate show that they qualify for FLSA relief based on enterprise coverage.") (internal citations omitted). Put simply, Plaintiff does not even get out of the gate in pleading the "employer" definition's threshold "commerce" requirement.

Plaintiff's Petition is also conspicuously silent about whether Taco Cabana has or has ever had 50 or more employees, let alone for twenty or more calendar weeks in this year or last. Contending that the defendant is an FMLA "employer" and that the plaintiff is an FMLA "eligible employee" are threshold requirements for Plaintiff's claim. *Acker v. General Motors LLC*, 2015 WL 8482306 (N.D. Tex., Dec. 8, 2015) (granting motion to dismiss where Plaintiff failed to state facts plausibly alleging that Sedgwick was an "employer" for FMLA purposes); *Ghawanmeh v. Islamic Saudi Academy*, 672 F. Supp.2d 3 (D.D.C. 2009) (granting motion to dismiss where Plaintiff stated no facts plausibly establishing that she was an "eligible employee" as defined in 29 U.S.C. sec. 2611(2)(A)); *Shanks v. Potter*, 2010 WL 8347107 (S.D. Ga., Dec. 28, 2010) (granting motion to dismiss FMLA claim where the complaint contained no facts suggesting that plaintiff was an "eligible employee"). Absent the required factual allegations, the FMLA claim must be dismissed.

Plaintiff has not sufficiently pleaded that Taco Cabana was an "employer". She therefore cannot possibly be an "eligible employee". Taco Cabana's Motion should be granted. The FMLA claim should be dismissed.

**C.     Plaintiff Fails To State A Claim Under The FMLA Against Defendant Because Plaintiff Does Not Set Forth A Plausible Claim For Retaliation.**

To state a claim for any violation of the FMLA, Plaintiff must first allege that he was protected by the FMLA. *See Mauder v. Metro. Transit Auth. of Harris County, Tex*., 446 F.3d 574 (5th Cir. 2006). There is no claim under the FMLA unless the employer is covered under the Act and the employee meets the eligibility requirements. *See Colvin v. Volusion, Inc*., No. 17CV139, 2017 WL 2805010, at *2 (W.D. Tex. Jun. 28, 2017). The FMLA permits an "eligible employee" to take up to 12 weeks of medical leave for his own serious medical condition and prohibits a "covered employer" from interfering with, restraining, or denying an employee's right to take leave under the FMLA. 29 U.S.C. § 2612(a). An "eligible employee" under the FMLA is one who has been employed for at least 12

months, has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the leave and is employed at a worksite where 50 or more employees are employed within 75 miles of their worksite. See 29 C.F.R. § 825.110(a)(1-3).

Plaintiff must plead that she is an employee protected under the FMLA. An FMLA serious health condition is defined as an illness, injury, impairment, or physical or mental condition that involves (1) inpatient care in a hospital, hospice, or residential medical care facility; or (2) continuing treatment by a health care provider. 29 U.S.C. §2611(11). Plaintiff makes no factual allegations regarding what alleged illness, injury, impairment, or physical or mental condition, if any, she allegedly suffered from. *See generally, Lockhart v. Home Interiors & Gifts, Inc*., 2006 U.S. Dist. Lexis 21895, Civil Action No. 4:04-CV-301, 2006 WL 887387, at *6 (E.D. Tex. Mar. 29, 2006) (granting summary judgment on plaintiff's retaliation claim because she did not have a serious health condition).

Plaintiff has not pleaded any facts to show that her alleged condition, if any, involved inpatient care or continuing treatment by a health care provider. Therefore, Plaintiff cannot establish that she is entitled to the protections of the FMLA. *See Willis v. Coca Cola Enters*., 445 F.3d 413, 419 (5th Cir. 2006)("[w]e believe the statutory language of the FMLA and the relevant case law from our sister circuits require, even in the case of involuntary leave, that the employee provide sufficient notice to an employer of the need to take FMLA leave; in other words, that the employee provide notice to the employer of a 'serious health condition'"). More importantly, Plaintiff has not alleged that she opposed any practice made unlawful by the FMLA.

Furthermore, Plaintiff erroneously asserts a claim for wrongful discharge and retaliation and cited 29 U.S.C. § 2615(a)(2),(b). This statute, however, relates to discharge or discrimination under the FMLA, and, as noted, Plaintiff does not allege facts sufficient to establish that she is an eligible employee under the FMLA and that Defendants are covered employers. Plaintiff's Original Petition is completely devoid of any allegation that Plaintiff filed a charge or instituted, participated, or testified

in any inquiry or proceeding relating to any alleged FMLA right. Accordingly, Plaintiff cannot assert a retaliation claim based on the provisions of 29 U.S.C. §2615(b).

There is nothing more than a series of bare legal conclusions in support of Plaintiff's supposed FMLA retaliation claims. Plaintiff makes a mere conclusory allegation that Defendant Taco Cabana terminated Plaintiff for exercising her protected rights under the FMLA." Such a legal conclusion, without any allegation of the required elements of an FMLA retaliation claim, is of itself insufficient to "raise a right to relief above the speculative level" that alleged retaliation occurred under the FMLA. *See Bell Atl*., 127 S.Ct. at 1965. Therefore, Plaintiff has not set forth the essential elements of an FMLA retaliation claim upon which relief can be granted and her retaliation claims must be dismissed.

For these reasons, dismissal for failure to state a claim for violations of the FMLA is warranted under Rule 12(b)(6).

### III. CONCLUSION AND PRAYER

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Finally, Defendant respectfully requests that the Court grant any further relief to which Defendant may justly be entitled.

Respectfully submitted,

**PAPPAS GRUBBS PRICE PC**

/s/ Stephanie F. Erhart
**STEPHANIE F. ERHART**
SBOT: 24007180
3838 Oak Lawn Avenue, Suite 250
Dallas, Texas 75219
(214) 521-7500 Telephone
(214) 520-1708 Facsimile
serhart@pappasgrubbs.com
**ATTORNEY FOR DEFENDANT
TACO CABANA INC**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been provided to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 24th day of October, 2024.

      /s/ Stephanie F. Erhart

**STEPHANIE F. ERHART**